**FILED**

SEP - 9 2015

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Carolina Lopez-Young,                           )
parent and next friend of R.L.,                 )
3212 21ˢᵗ St., SE                               )
Washington, DC 20020,                           )
                                                )        Case: 1:15-cv-01476   (L Deck)
                Plaintiff,                       )       Assigned To : Contreras, Rudolph
                                                )        Assign. Date : 9/9/2015
        v.                                       )       Description: Civil Rights/Non Employ.
                                                )
District of Columbia,                            )
A Municipal Corporation,                         )
One Judiciary Square                             )
441 4th Street, NW                               )
Washington, D.C. 20001,                          )
                                                )
                Defendant.                       )
                                                )
To serve:                                        )
                                                )
Muriel Bowser, Mayor,                            )
District of Columbia,                            )
441 4ᵗʰ Street, NW 6ᵗʰ Floor                    )
Washington, DC 20001,                            )
                                                )
And                                              )
                                                )
Karl A. Racine,                                  )
Attorney General,                                )
District of Columbia,                            )
441 4ᵗʰ Street, NW 6ᵗʰ Floor                    )
Washington, DC 20001                             )
                                                )

## COMPLAINT

COMES NOW, the Plaintiff, Carolina Lopez-Young ("Ms. Lopez"), on behalf of herself and her

daughter, R.L. by and through the undersigned counsel, respectfully unto this Honorable Court states as

follows:

**RECEIVED**

SEP - 1 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## PRELIMINARY STATEMENT

1. This is an appeal of the Hearing Officer's Determination ("HOD") issued June 4, 2015 which failed to award compensatory education after finding a denial of a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA").

2. The Plaintiff brought this action under the IDEA on behalf of herself and her daughter, R.L., and seeks an order from the Court to award compensatory education, as a result of the Impartial Hearing Officer's finding that the Defendant denied Plaintiff a FAPE; or in the alternative, remand this issue to the hearing officer in order for the parties to supplement the record to support a specific award. *Phillips ex rel. R.P. v. District of Columbia.*, 736 F.Supp.2d 240, 249-50 (D.D.C. 2010) (remanding to hearing officer with instructions to allow parent more time to develop the record).

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to:

   a. The Individuals with Disabilities Educational Improvement Act, 20 U.S.C. § § 1400-1461 and,

   b. Declaratory Relief is authorized by 28 U.S.C. § § 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, Ms. Lopez, is the parent of R.L., a student who was eventually found eligible to receive special education and related services from Defendant, District of Columbia.

6. Ms. Lopez, and R.L., at all times relevant to this action, have been residents of the District of Columbia.

7.  At all times pertinent to the administrative proceedings discussed in this Complaint, Ms. Lopez was represented by Moran & Associates, a law firm that primarily focuses on special education law in the District of Columbia.

8.  Plaintiff seeks an order for compensatory education that should have been awarded in the underlying administrative case, as a result of the hearing officer's conclusion that R.L. had been denied a FAPE for the period of December 13, 2012 to January 22, 2015.

9.  The Defendant is a municipal corporation that receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a FAPE and is obliged to comply with the applicable federal regulations and statutes, including but not limited, to IDEA. *See* § 1412(a)(1)(A).

## FACTUAL ALLEGATIONS

10. On January 29, 2015, Ms. Lopez brought an administrative action alleging, *inter alia*, that the Defendant denied R.L. a FAPE when it:

    a.  Failed to comply with its affirmative Child Find obligations on a timely basis by identifying, evaluating, determining eligibility, and providing an IEP;

    b.  Failed to evaluate the student for special education and related services for over two years;

    c.  Failed to provide the student with an IEP that would ensure provision of a FAPE once R.L. was suspected of being a child with a disability; and

    d.  Failed to maintain and provide R.L.'s educational records upon request.

## DESCRIPTION OF ORDER

11. On June 4, 2015 an order was issued in that administrative case finding that the Plaintiff had sustained her burden of proof on the issues described above, concluding,

    a.  Due to Ms. Lopez's written and oral requests to evaluate R.L., along with R.L.'s serious educational deficits, the Defendant's failure to evaluate R.L. following the 12/13/12 request was a violation of the IDEA, that amounted to a denial of FAPE;

b.  Despite specifically concluding that the Defendant failed to provide R.L. a FAPE, the hearing officer concluded that all claims for compensatory education, for the period from 12/13/12 until 1/22/15 were reserved and all other relief sought was denied.

12. Ms. Lopez met her burden of proof establishing that R.L. had been denied a FAPE and therefore she is entitled to compensatory education.

**COUNT I**
**(Claim for Compensatory Education)**

13. Plaintiff reincorporates paragraphs 1-12.

14. The hearing officer found that, although the evidence was sufficient to demonstrate that DCPS violated the IDEA and denied R.L. a FAPE, Ms. Lopez had failed to demonstrate sufficiently detailed evidence to support an award of compensatory education. (*see* Exhibit 1, Hearing Officer Decision dated June 4, 2015).

15. The hearing officer declined to award R.L. compensatory education noting a lack of objective criteria or evidence, despite having already established the school's procedural violation of failing to provide R.L.'s academic records upon the request of the parent. (Plaintiff's Ex. 1, HOD at 11).

16. The IDEA and previous decisions in this jurisdiction allow for the recovery of compensatory education awards based on the finding of the denial of FAPE. *See Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005); *Banks ex rel. D.B. v. District of Columbia*, 720 F. Supp. 2d 83, 90 (D.D.C. 2010) ("In IDEA litigation, the hearing officer first determines whether there is sufficient evidence of an IDEA violation that entitles the student to a compensatory education. If the hearing officer determines there was such a violation, then the hearing officer applies the *Reid* standard to craft an award.") (internal citations omitted); *Stanton ex rel. K.T. v. District of Columbia*, 680 F. Supp. 2d 201, 207 (D.D.C. 2010) ("Once a plaintiff has established that she is entitled to an award, simply refusing to grant one clashes with *Reid* . . . A hearing officer may "provide the parties

4

additional time to supplement the record" if she believes there is insufficient evidence to support a

specific award.")(internal citations omitted).

17. Even though the hearing officer concluded that DCPS violated the IDEA, he erred in failing to

award compensatory education services, or a compensatory study to remedy DCPS' failure to

provide R.L. with access to a free appropriate public education. (Plaintiff's Ex. 1, HOD at 10). *See*

*Gill v. District of Columbia*, 751 F.Supp.2d 104, 112-14 (D.D.C. 2011) (ordering an evidentiary

hearing for the purpose of determining the student's specific educational deficits resulting from the

denial of FAPE and the specific compensatory measures needed to best correct those deficits).

18. Despite finding a denial of FAPE based on DCPS' systemic procedural violations, the hearing

officer failed to award compensatory education or supplement the record before him. (Plaintiff's Ex.

1, HOD at 10). *See Branham v. District of Columbia*, 427 F.3d 7, 13 (D.C. Cir. 2005) (urging the

district court to minimize further delay by holding an evidentiary hearing, instead of remanding the

case back to the hearing officer because it is within the district court's responsibility to ensure it has

a record that is sufficiently developed to satisfy its obligations under the IDEA).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

19. This court should determine and award an appropriate amount of compensatory education to remedy

the two-year denial of FAPE identified in the HOD; or

20. In the alternative, remand the case to the hearing office to supplement the record and award R.L.

compensatory education services; and

21. Award Plaintiff reasonable attorneys' fees and costs for the preparations and litigation of the

underlying action and this Complaint, and

22. Award Plaintiff any other relief that this Court deems just and proper.

Respectfully submitted,

Moran & Associates
Charles Moran, DC Bar #970871
Steve Nabors, DC Bar#1016291
1220 L Street, Suite 760
Washington, D.C. 20005
(202) 742-2000 (voice)
(202) 742-2098 (fax)
*Attorneys for Plaintiff*

# DISTRICT OF COLUMBIA
# OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION
Office of Dispute Resolution
810 First Street, N.E., 2nd Floor
Washington, DC  20002

|  |  |
|---|---|
| STUDENT,[1] | Date Issued:  6/4/15 |
| through her Parent, | |
| Petitioner, | Case No.:  2015-0038 |
| | |
| v. | Hearing Officer:  Keith L. Seat, Esq. |
| | |
| District of Columbia Public Schools | Hearing Dates:  5/21/15, 5/26/15 |
| ("DCPS"), | Hearing Rooms:  2006, 2006 |
| Respondent. | |
| | Counsel of Record: |
| | Charles A. Moran, Esq. |
| | Steven Rubenstein, Esq. |

# HEARING OFFICER DETERMINATION

## Background

Petitioner, Student's mother, filed a due process complaint on 1/30/15 and an amended due process complaint on 3/23/15, alleging that Student had been denied a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Improvement Act ("IDEA") because DCPS failed to evaluate Student at the request of Parent on 12/13/12 and thereafter.  DCPS responded that it did not refuse to evaluate Student but did not receive a request or have reason to know Student needed evaluation until 1/22/15.

## Subject Matter Jurisdiction

Subject matter jurisdiction is conferred pursuant to IDEA, 20 U.S.C. § 1400, *et seq*.; the implementing regulations for IDEA, 34 C.F.R. Part 300; Title V, Chapter E-30, of the District of Columbia Municipal Regulations ("D.C.M.R.") and 38 D.C. Code 2561.02.

---

[1] Personally identifiable information is provided in Appendix A.

Plaintiff's Exhibit 1-1

**Hearing Officer Determination**
Case No. 2015-0038

## Procedural History

Following the filing of the due process complaint on 1/30/15, this Hearing Officer was assigned to the case that same day. DCPS's timely response to the complaint was filed on 2/6/15. The response did not challenge jurisdiction. An amended due process complaint was filed on 3/23/15, to which DCPS timely responded on 4/2/15.

Resolution meetings took place on 2/13/15 and 4/2/15, but the parties did not resolve the case or end the resolution periods early. The 30-day resolution period for the amended due process complaint ended on 4/22/14. A final decision in this matter must be reached no later than 45 days following the end of the resolution period, which requires a Hearing Officer Determination ("HOD") by 6/6/15.

The due process hearing took place on 5/21/15 and 5/26/15 and was open to the public, although no one attended who would not otherwise have been there. Petitioner was represented by Charles Moran, Esq. DCPS was represented by Steven Rubenstein, Esq. Counsel discussed settlement without success at the beginning of the hearing. Petitioner was present in person for the entire hearing and Student attended most of the hearing. The due process hearing was interpreted into Spanish for the benefit of both Parent and Student, apart from some portions of the testimony by each of them which was conducted solely in English, with backup interpretation whenever needed.

Neither party objected to the testimony of witnesses by telephone, but there was none. The parties made no admissions and agreed on one stipulation: "After evaluation, Student was found eligible on 5/19/15 as a student with a Specific Learning Disability."

Petitioner's Disclosure statement, filed on 5/14/15, consisted of a witness list of five witnesses and documents P1 through P46. Petitioner's Disclosure statement and documents were admitted into evidence over objection to P9 due to relevance and over objection to P18-P43 as duplicative of the administrative record.

Respondent's Disclosure statement, filed on 5/14/15, consisted of a witness list of six witnesses and documents R1 through R16. Respondent's Disclosure statement and documents were admitted into evidence without objection.

Petitioner's counsel presented two witnesses in Petitioner's case-in-chief (*see* Appendix A):

1. Student

2. Parent

Respondent's counsel presented no witnesses in Respondent's case. Thus, there were no rebuttal witnesses.

**Respondent's Motion to Dismiss Without Prejudice Denied**: As stated on the record, Respondent's motion to dismiss without prejudice was formally denied because of a

2

Plaintiff's Exhibit 1-2

**Hearing Officer Determination**
Case No. 2015-0038

procedural failure to comply adequately with the requirements of the Prehearing Order and a substantive failure to show that a denial of FAPE could not be demonstrated even if compensatory education was not determined at the hearing.  Following the filing of Petitioner's Opposition on 5/18/15, and the passing of the time for Reply at 2:00 p.m. on 5/19/15, the undersigned gave counsel notice by email on 5/19/15 at 3:48 p.m. that the Motion to Dismiss would be denied at the due process hearing to make clear that preparation for the due process hearing would not be wasted.

The issue to be determined in this Hearing Officer Determination is:

**Issue:**  Whether DCPS denied Student a FAPE by failing to comply with its affirmative Child Find obligations on a timely basis by identifying, evaluating, determining eligibility, and providing an IEP, where:

(a) Petitioner requested that DCPS evaluate Student in late 2012 and thereafter but DCPS did not issue a Prior Written Notice at that time and did not begin its evaluation process until 1/27/15 constituting a procedural violation; DCPS committed to completing its evaluation in 45 days, but did not do so;

(b) DCPS refused to authorize an Independent Educational Evaluation ("IEE") following two requests in January 2015;

(c) Student was placed in a lower grade in 2012 than her age level and than was intended by DCPS, but still did not flourish academically; and

(d) Student's school failed to maintain and provide her educational records upon request.[2]

Petitioner seeks the following relief:

1.   A finding that DCPS denied Student a FAPE and, specifically, failed to evaluate Student when requested, thereby committing a procedural violation, and failed to maintain and provide Student's complete educational records when requested, thereby committing a procedural violation.

2.   DCPS shall provide compensatory education[3] for any denial of FAPE.

---

[2] Petitioner's fifth issue in her amended due process complaint asserts that Charter School failed to refer Student to DCPS for evaluation.  That issue was omitted from the Amended Prehearing Order and is not addressed in this HOD both because it is redundant given the Child Find issues that are the focus of the amended due process complaint and because Charter School is not a respondent in this case.

[3] As extensively discussed in pre-hearing communications and memorialized in the Prehearing Order and Amended Prehearing Order, Petitioner's request for compensatory education was to be considered during the due process hearing except to the extent that it related to any evaluation(s) not completed in time (i) to determine eligibility and the appropriate level of special education services prior to the due process hearing, and (ii) to include the relevant documents in the parties' 5-day disclosures in this case.  Compensatory

Plaintiff's Exhibit 1-3

**Hearing Officer Determination**
Case No. 2015-0038

3.  DCPS shall conduct or fund a compensatory education study.

4.  Any other appropriate relief.

By agreement of the parties, both oral and written closing arguments were made by counsel for both parties.

**Findings of Fact**

After considering all the evidence, as well as the arguments of both counsel, the Findings of Fact[4] are as follows:

1.  Student is a resident of the District of Columbia.  Petitioner is Student's mother ("Parent").[5]  Student is 16 years old and in 8th grade at Charter School,[6] where she began in mid-2012/13[7] after coming to the United States from El Salvador.[8]

2.  Student did not speak English well when she arrived in the United States, and is still not fluent.[9]  In late 2012, Student's English Language Proficiency was found to be at the lowest of five possible levels.[10]

3.  Parent was very concerned about Student receiving the support needed for her education and sought to have Student evaluated for special education services from Parent's first interactions with DCPS.[11]  The Student/Parent Interview form of the DCPS Office of Bilingual Education dated 12/13/12 noted under Remarks that "Mother suggests an

---

education relating to any such evaluation(s) is reserved pending completion of the evaluation(s) and determination of any impact on the appropriate level of special education services.  While Student's eligibility was determined on 5/19/15 (*see* Stipulation above), an IEP had not been developed at the time of the due process hearing which would have set forth the level of special education services needed by Student.

[4] Footnotes in these Findings of Fact refer to the sworn testimony of the witness indicated or to an exhibit admitted into evidence.  To the extent that the Hearing Officer has declined to base a finding of fact on a witness's testimony that goes to the heart of the issue(s) under consideration, or has chosen to base a finding of fact on the testimony of one witness when another witness gave contradictory testimony on the same issue, the Hearing Officer has taken such action based on the Hearing Officer's determinations of the credibility and/or lack of credibility of the witness(es) involved.

[5] Parent.

[6] DCPS is the Local Educational Agency ("LEA") for Charter School.

[7] All dates in the format "2012/13" refer to school years.

[8] Student; Parent.

[9] Parent.

[10] P3-2.

[11] Parent; P3-1.

4

Plaintiff's Exhibit 1-4

**Hearing Officer Determination**
Case No. 2015-0038

evaluation for special education services.  She suspects that her child suffers from learning disabilities."[12]  Parent gave this document to the Registrar at Charter School.[13]

4.  In addition, the handwritten notes on a DCPS Office of Bilingual Education form state that "According to her mother – mother suspects that – this child needs special educa. [sic] services for learning disabilities."[14]

5.  Parent also orally requested a special education evaluation of Student at various times; Parent specifically recalled asking Student's first English teacher at Charter School in January 2013.[15]

6.  The Charter School Special Education Coordinator stated in an MDT Meeting on 1/22/15 that Parent had never requested special education testing to that point, which this Hearing Officer does not find credible.[16]  In the 2/3/15 RSM, the Charter School Special Education Coordinator stated that she could not verify whether the Charter School registrar received a request for evaluation, but that the January 2015 request was the first that the Special Education Coordinator had received.[17]

7.  There was no testimony or other evidence in the record that Parent was ever given a Prior Written Notice in response to any request for evaluation of Student.[18]

8.  DCPS intended to put Student in 8th grade in 2012/13 based on her ELL evaluation, but she ended up in 6th grade at Charter School due to space limitations.[19]  Student currently is in a class of about six, with three other 16-year-old students, one 15-year-old and one 12-year-old.[20]  None of Student's classmates speak English as their first language.[21]

9.  Student often made good grades, receiving three As, two Bs and one C in 6th grade Advisory 3, and four As and two Bs for Advisory 4.[22]  Parent was suspicious of Student's good grades due to her concerns that Student is not able to retain what she learns and can do very little math.[23]

---

[12] P3-1.  This exact same statement was handwritten in January 2015 onto the document at P2-2 by a school employee who said that he could not give Parent the document at P3, so transcribed the evaluation request onto P2-2.  Parent.
[13] Parent.
[14] P3-5.
[15] Parent.
[16] R8-3.
[17] P45-3.
[18] Administrative Notice by Hearing Officer.
[19] R9-2; Parent.
[20] Student.
[21] *Id.*
[22] R2, R3.
[23] Parent; R8-3; R9-2.

5

**Hearing Officer Determination**
Case No. 2015-0038

10. In 7th grade, Student's grades were less consistent, ranging from As to Fs.[24]  In 7th grade Advisory 3, some of Student's grades dropped sharply.[25]  Student was required to attend summer school during the summer of 2014.[26]  Parent regularly raised Student's lack of educational progress with Charter School.[27]

11.  In the three Content Areas of the DC CAS, Student in grade 7 was Below Basic in Reading, Below Basic in Composition and was only one point above Below Basic in Mathematics (her 736, rather than a 735, put her in Basic).[28]

12. Student's ANet scores in grade 7 were Below Basic in English Language Arts in two of the three periods, and Below Basic in Mathematics for all three periods.[29]

13. Student's level of English proficiency improved, going from less than level 2 on almost every measure in 2013 to mid-3s on nearly every measure in 2014.[30]

14. Student received very positive comments from many of her teachers, who stated that she is a "delight to have in my class," is taking a "strong leadership role in class," "is always focused" and "is very respectful and works well with others."[31]

15. DCPS acknowledged receipt of a request to evaluate Student on 1/22/15, after involvement of Petitioner's counsel, and intended to complete an evaluation within 45 days, although it ended up taking nearly 120 days.[32]  Counsel for Petitioner sought authorization for IEEs from DCPS is January 2015, but was denied.[33]

16. The Comprehensive Psychological Evaluation of Student, conducted bilingually and dated 5/8/15, found that Student's Broad Reading, Broad Math and Broad Written Language "all fell within the Very Low range" of academic performance based on the Woodcock-Johnson III.[34]  Student's intellectual functioning fell in the "extremely low range" of

---

[24] R4-1,3,5.  Inexplicably, the Charter School Progress Reports in the record for Student are not consistent from document to document.  For instance, every grade for 7th grade Advisory 1 is different between R4-1 and R4-3; the grades for Advisory 2 are different between R4-3 and R4-5, with notably different GPAs as well; and the differences in Student's grades in Advisory 3 are quite dramatic between R4-7 and R4-9.
[25] R4-9.
[26] Parent.
[27] *Id.*
[28] P7-1,2.
[29] P8-1,2.
[30] R6-1,2.
[31] R4-1,3,5.
[32] P45-3; P1.
[33] P44; P45-3.
[34] P1-22.

6

**Hearing Officer Determination**
Case No. 2015-0038

cognitive functioning according to the WISC-IV.[35]  Student's Working Memory and
Perceptual Reasoning were both in the "extremely low range" of cognitive functioning.[36]

17. Student was found eligible for special education services on 5/19/15 as a student
with a Specific Learning Disability.[37]  An IEP had not been developed by the time of the
due process hearing and was not in the record, so there was no evidence on the appropriate
level of special education services needed by Student.[38]

18. Despite repeated requests from Petitioner's counsel, Charter School could not find
the enrollment records from when Student first entered Charter School in 2012/13.[39]

<u>Conclusions of Law</u>

Based on the Findings of Fact above, the arguments of counsel, as well as this
Hearing Officer's own legal research, the Conclusions of Law are as follows:

The overall purpose of the IDEA is to ensure that "all children with disabilities have
available to them a free appropriate public education that emphasizes special education and
related services designed to meet their unique needs and prepare them for further education,
employment, and independent living."  20 U.S.C. § 1400(d)(1)(A).  *See Boose v. Dist. of
Columbia*, 14-7086, 2015 WL 3371818, at *1 (D.C. Cir. May 26, 2015) (the IDEA "aims to
ensure that every child has a meaningful opportunity to benefit from public education").

"The IEP is the 'centerpiece' of the IDEA's system for delivering education to
disabled children," *D.S. v. Bayonne Bd. of Educ.*, 54 IDELR 141 (3d Cir. 2010), *quoting
Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171, 173 (3d Cir. 1988), and is
the primary vehicle for providing a FAPE.  *S.H. v. State-Operated Sch. Dist. of the City of
Newark,* 336 F.3d 260, 264 (3d Cir. 2003).

To provide a FAPE, once a child who may need special education services is
identified, DCPS is obligated to conduct an initial evaluation and make an eligibility
determination within 120 days.  D.C. Code § 38-2561.02(a).  If the child is found eligible,
DCPS must then devise an IEP, mapping out specific educational goals and requirements in
light of the child's disabilities and matching the child with a school capable of fulfilling
those needs.  *See* 20 U.S.C. §§ 1412(a)(4), 1414(d), 1401(a)(14); *Sch. Comm. of Town of
Burlington, Mass. v. Dep't of Educ. of Mass.,* 471 U.S. 359, 369, 105 S. Ct. 1996, 2002, 85
L. Ed. 2d 385 (1985); *Jenkins v. Squillacote*, 935 F.2d 303, 304 (D.C. Cir. 1991); *Dist. of
Columbia v. Doe*, 611 F.3d 888, 892 n.5 (D.C. Cir. 2010).

---

[35] *Id.*
[36] *Id.*
[37] Stipulation by Parties.
[38] Administrative Notice by Hearing Officer.
[39] R12-1.

Plaintiff's Exhibit 1-7

**Hearing Officer Determination**
Case No. 2015-0038

The Act's FAPE requirement is satisfied "by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." *Smith v. Dist. of Columbia*, 846 F. Supp. 2d 197, 202 (D.D.C. 2012), *citing Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 203, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982). The IDEA imposes no additional requirement that the services so provided be sufficient to maximize each child's potential. *Rowley*, 458 U.S. at 198. Congress, however, "did not intend that a school system could discharge its duty under the [Act] by providing a program that produces some minimal academic advancement, no matter how trivial." *Hall ex rel. Hall v. Vance County Bd. of Educ.*, 774 F.2d 629, 636 (4th Cir. 1985).

A Hearing Officer's determination of whether a child received a FAPE must be based on substantive grounds. In matters alleging a procedural violation, a Hearing Officer may find that a child did not receive a FAPE only if the procedural inadequacies (i) impeded the child's right to a FAPE; (ii) significantly impeded the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the parent's child; or (iii) caused a deprivation of educational benefit. 34 C.F.R. 300.513(a). In other words, an IDEA claim is viable only if those procedural violations affected the child's *substantive* rights.

"Based solely upon evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student with a FAPE." 5-E D.C.M.R. § 3030.3. The burden of proof is on the party seeking relief. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62, 126 S. Ct. 528, 537, 163 L. Ed. 2d 387 (2005).

**Issue:** *Whether DCPS denied Student a FAPE by failing to comply with its affirmative Child Find obligations on a timely basis by identifying, evaluating, determining eligibility, and providing an IEP, where:*

*(a) Petitioner requested that DCPS evaluate Student in late 2012 and thereafter but DCPS did not issue a Prior Written Notice at that time and did not begin its evaluation process until 1/27/15 constituting a procedural violation; DCPS committed to completing its evaluation in 45 days, but did not do so;*

*(b) DCPS refused to authorize an Independent Educational Evaluation following two requests in January 2015;*

*(c) Student was placed in a lower grade in 2012 than her age level and than was intended by DCPS, but still did not flourish academically; and*

*(d) Student's school failed to maintain and provide her educational records upon request.*

Parent has been very concerned about Student receiving the support needed for her education since her daughter arrived in the United States in 2012. Parent sought a special

8

**Hearing Officer Determination**
Case No. 2015-0038

education evaluation for Student from her first interactions with DCPS on 12/13/12,[40] which
was memorialized in writing by DCPS.  In addition, Parent credibly testified, and DCPS did
not rebut, that she gave that written request to Charter School and made additional oral
requests to Charter School for evaluation of Student in January 2013 and at later times.  As
discussed below, this Hearing Officer concludes that in light of Parent's written and oral
requests to evaluate Student, along with Student's serious educational weaknesses as
revealed by standardized testing, DCPS's failure to evaluate Student following the 12/13/12
request was a violation of the IDEA and a denial of FAPE.

        The IDEA is unambiguous that upon the request of a parent a school must conduct a
"full and individual initial evaluation" to determine if the student is a child with a disability.
34 C.F.R. 300.301(a),(b).  This initial evaluation must be conducted within 120 days from
the date that Student was referred for evaluation.  D.C. Code 38-2561.02(a).  According to
District of Columbia regulations, the referral is to be made in writing by the parent on a
form given to the "building principal" of the child's home school.  5-E D.C.M.R. §
3004.1(a)-(c).  District of Columbia regulations further require the school to provide parent
with the form to be submitted.  *Id.*  Here, no such form was provided to Parent, relieving her
of any duty to provide that form to the principal.  Further, it was certainly appropriate for a
school official to memorialize in writing a Spanish-speaking parent's evaluation request on
the English-language DCPS form.

        The law does not impose *per se* or automatic liability on a school district any time a
child in need of special education and related services is not identified, located and
evaluated.  *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 245, 129 S. Ct. 2484, 2495,
174 L. Ed. 2d 168 (2009) (parents must have a remedy if school district "unreasonably" fails
to identify a child with disabilities).  As DCPS points out, case law requires clear
notification or other specific reasons for the district to know that it needed to take action,
relying on *N.G. v. Dist. of Columbia*, 556 F. Supp. 2d 11 (D.D.C. 2008), and *G.G. ex rel.
Gersten v. Dist. of Columbia*, 924 F. Supp. 2d 273 (D.D.C. 2013).  Those cases each had

---

[40] DCPS argues that a request for evaluation made more than two years prior to the due
process complaint is barred by the statute of limitations.  *See* 34 C.F.R. 300.507(a)(2),
300.511(e).  However, the two-year period begins when the parent "knew or should have
known" about the action that is the basis of the complaint, which is not the *request* for
evaluation, but the *refusal* to evaluate.  Parent could not have known that she had a claim for
failure to evaluate until she received Prior Written Notice stating that no evaluation would
be conducted or until sufficient time had passed for her to reasonably conclude that an
evaluation would not be forthcoming within 120 days.  Here, no Prior Written Notice was
provided and Parent would have needed to wait more than 50 days to see if an evaluation
would be performed.  Thus, it is the conclusion of this Hearing Officer that Petitioner's
claim is not barred by the statute of limitations.  In addition, as Petitioner asserts, an
exception to the statute of limitations exists if Parent did not receive required information
from the LEA.  *See* 34 C.F.R. 300.511(f)(2).  Here, Parent was not provided with procedural
safeguards upon requesting an evaluation, as required by 34 C.F.R. 300.504(a)(1), which is
arguably a further reason why the statute of limitations does not apply.

9

**Hearing Officer Determination**
Case No. 2015-0038

notable facts involving the child at issue, but in neither case was there an express written request for evaluation by a parent, as here.

DCPS's Child Find obligations are triggered as soon as a child is identified as a potential candidate for services. *Long v. Dist. of Columbia*, 780 F. Supp. 2d 49, 57 (D.D.C. 2011). That identification can occur either by parental request or by awareness of the child's circumstances. Here, Parent repeatedly requested an evaluation of Student, but was ignored or not taken seriously until she finally brought in legal counsel, which is not the way the process should work. In addition, there was corroborating evidence from Student's poor test results that she needed help, with 7th grade DC CAS ratings of Below Basic in Reading, Below Basic in Composition and only one point away from Below Basic in Mathematics, and with ANet scores of Below Basic in both English Language Arts and Mathematics.

As the U.S. Court of Appeals for the District of Columbia Circuit recently explained in *Boose v. Dist. of Columbia*, 14-7086, 2015 WL 3371818, at *1 (D.C. Cir. May 26, 2015),

> If a school district fails to satisfy its "child-find" duty or to offer the student an appropriate IEP, and if that failure affects the child's education, then the district has necessarily denied the student a free appropriate public education. *See Lesesne ex rel. B.F. v. District of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006) (a FAPE denial is actionable if it "affect[s] the student's substantive rights") (emphasis omitted).

Here, failure to evaluate for two years is certain to have deprived Student of educational benefit and impeded her right to a FAPE, as Parent had consistently been concerned about Student throughout this time period and there is no evidence of a sudden worsening of Student prior to determination of eligibility on 5/19/15 as a student with a Specific Learning Disability. In addition, the delay in evaluation interfered with Parent's ability to engage in decision-making around what services were necessary for Student to receive a FAPE. *See* 34 C.F.R. 300.513(a). This Hearing Officer concludes that DCPS's failure to evaluate Student after receiving Parent's request on 12/13/12 was a denial of FAPE.

The remaining aspects of the issue raised by Petitioner may be summarily resolved as, at most, procedural violations that do not individually rise to the level of substantive violations, but may impact the equities and bolster the conclusion reached herein that DCPS denied Student a FAPE as a result of its failure to evaluate:

Prior Written Notice. No record evidence suggests that DCPS provided any Prior Written Notices to Parent in response to her 12/13/12 request that Student be evaluated, which was memorialized in writing, or to any subsequent oral request for evaluation. That is a procedural violation which does not rise to the level of a separate substantive violation as there was no evidence that the lack of notice itself harmed Student's education, because Parent was well aware that Student was not being evaluated. *See Roark ex rel. Roark v. Dist. of Columbia*, 460 F. Supp. 2d 32, 42 (D.D.C. 2006) (failure to provide prior written notice is a procedural violation and is not a viable claim unless petitioner offers evidence of substantive harm to student's education).

10

Plaintiff's Exhibit 1-10

**Hearing Officer Determination**
Case No. 2015-0038

Missed Deadline.  Petitioner has provided no legal authority by which DCPS should be found to have violated the IDEA or denied Student a FAPE as a result of missing its 45-day goal for completing the evaluation that began on 1/22/15.  As noted above, DCPS has up to 120 days to conduct an initial evaluation, if needed.  D.C. Code § 38-2561.02(a).  DCPS's 45-day goal does make more understandable Petitioner pursuing a due process complaint at this time, even though as it turned out an IEP was not developed in time to determine compensatory education in this proceeding.

IEE.  Parent was understandably frustrated by the delay in having Student evaluated and could have sought an IEE as a remedy for a due process complaint before DCPS conducted its evaluation.  Now that the evaluation has been completed and eligibility determined, however, Petitioner no longer seeks authorization for an IEE.  DCPS was not required to authorize an IEE when counsel sought it in January 2015, as Petitioner did not come within the requirements of 34 C.F.R. 300.502(b).

Grade Level.  Record evidence indicated that DCPS had intended to place Student in 8th grade in 2012/13, but she ended up in 6th grade due to space limitations.  Student at that time, however, had not successfully completed 6th grade.  Further, since that time Parent has been concerned that Student is behind her classmates and not adequately learning content, which would no doubt be exacerbated if she were two grades further along in her schooling.  Nor is Student in a class full of much younger classmates, for two-thirds of her small class are 16-years-old, including Student.  Thus, DCPS's actions were not unreasonable and did not violate the IDEA by placing Student in 6th grade in 2012/13.

Educational Records.  Much effort was expended in trying to gather all of Student's educational records, pursuant to 34 C.F.R. 300.613.  Ultimately, many records from the critical 2012/13 time period could not be located, although Petitioner was allowed to inspect and review available records.  At most this is a procedural violation, for Petitioner did not demonstrate that the lack of records impacted Student's education.  As for the impact on Petitioner's advocacy, the missing records conceivably could have benefited or harmed either side.  However, since this Hearing Officer concludes that DCPS failed to provide a FAPE from the earliest time Student could have been evaluated, there was no additional harm suffered by Petitioner in not having all of her early records maintained.

### Compensatory Education Request

Petitioner seeks an award of compensatory education, which is educational service that is intended to compensate for a denial of the individualized education guaranteed by the IDEA.  The amount and type of compensatory education awarded depends on how much more progress Student might have shown if she had been evaluated and received special education services sooner, and the services needed to place Student in the same position she would have occupied but for DCPS's violations of the IDEA.  *See Walker v. Dist. of Columbia*, 786 F. Supp. 2d 232, 238-39 (D.D.C. 2011), *citing Reid ex rel. Reid v. Dist. of Columbia*, 401 F.3d 516 (D.C. Cir. 2005).

Here, the initial evaluation of Student did not begin until 1/22/15 and took much longer to conduct than intended, so eligibility was not found until 5/19/15 and the level of

11

**Hearing Officer Determination**
Case No. 2015-0038

special education services needed by Student had not been determined by the time of the due process hearing. Petitioner was aware that compensatory education could not be awarded in these circumstances, but pursued her right to obtain a holding that DCPS denied Student a FAPE. In this situation, Petitioner's counsel did not file a compensatory education plan in advance of the due process hearing, as required by the Amended Prehearing Order dated 4/20/15 at 4 (P41-4), which stated:

> Petitioner's counsel is to file a compensatory education plan by 11:59 p.m. seven days prior to the Disclosure due date, stating with specificity and in detail what items of compensatory education are requested and, to the extent possible, why they are being requested. Petitioner will be limited to the scope of that plan in seeking compensatory education in the due process hearing.

Petitioner's counsel would have been prevented from attempting to introduce such a plan at the hearing, and did not seek to do so.

Instead of a compensatory education award from the Hearing Officer, Petitioner sought an order requiring DCPS to pay for an independent evaluator to determine the scope of a compensatory education plan that DCPS would then fund or implement. However, Petitioner has not provided any legal authority or examples in support of a Hearing Officer ordering such action. Nor does it seem advisable to give such broad discretion to an individual whose selection and independence would understandably be viewed with suspicion. Similarly, DCPS developing a compensatory education plan or conducting a study, as sought in the amended complaint, would also be viewed with suspicion, as well as being an impermissible delegation of authority by the Hearing Officer.[41]

Thus, as contemplated in pre-hearing proceedings, the determination of appropriate compensatory education must be reserved and await a further proceeding. Specifically, the Amended Prehearing Order at 3 n.3 (P41-3) stated:

> Petitioner's request for compensatory education will be considered during the due process hearing, except to the extent that it relates to any evaluation(s) not completed in time (i) to determine eligibility and the appropriate level of special education services prior to the due process hearing, and (ii) to include the relevant documents in the parties' 5-day disclosures in this case. Compensatory education relating to any such evaluation(s) is reserved pending completion of the evaluation(s) and determination of any impact on the appropriate level of special education services.

As it turned out, even with an amended complaint restarting the timeline, evaluation of Student was not completed soon enough to determine the appropriate level of special

---

[41] *Reid*, 401 F.3d at 526, states that a "hearing officer may not delegate his authority to a group that includes an individual specifically barred from performing the hearing officer's functions." Such barred individuals include employees of the LEA involved in the education or care of the child. 20 U.S.C. § 1415(f)(3)(A)(i)(I); 34 C.F.R. 300.511(c)(1)(i)(A).

Plaintiff's Exhibit 1-12

**Hearing Officer Determination**
Case No. 2015-0038

education services needed by Student or to include an IEP in the disclosures.  Accordingly, because compensatory education cannot be determined due to the lack of any evidence in the record, as set out in the Amended Prehearing Order all claims for compensatory education for Student from 12/13/12 (when evaluation of Student was first requested) through 1/22/15 (when DCPS acknowledged a request for evaluation) are reserved for a further proceeding, as necessary.

## ORDER

Petitioner has met her burden of proof as set forth above.  Accordingly, **it is hereby ordered that**:

(1) DCPS denied Student a FAPE by failing to evaluate her following requests made by Parent on 12/13/12 and thereafter.

(2) All claims for compensatory education, for the period from 12/13/12 until 1/22/15, are **reserved**.

(3) All other relief sought by Petitioner is denied.

**IT IS SO ORDERED.**

Dated in Caption

/s/ *Keith Seat*

Keith L. Seat, Esq.
Hearing Officer

## NOTICE OF RIGHT TO APPEAL

This is the final administrative decision in this matter.  Any party aggrieved by this Hearing Officer Determination may bring a civil action in any state court of competent jurisdiction or in a District Court of the United States without regard to the amount in controversy within ninety (90) days from the date of the Hearing Officer Determination in accordance with 20 U.S.C. § 1415(i).

Copies to:

Counsel of Record (above, by email)
OSSE-SPED (due.process@dc.gov)
ODR (hearing.office@dc.gov)
Contact.resolution@dc.gov
CHO

13

Plaintiff's Exhibit 1-13