**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————    :
                                            :
**CAROLINA LOPEZ-YOUNG,**                   :
**parent and next friend of R.L.,**         :
                                            :
    **Plaintiff,**       :
                                            :
    **v.**               :        **Civil Action No.15-1476 (RC)**
                                            :
**DISTRICT OF COLUMBIA,**                   :
                                            :
    **Defendant.**        :
—————————————————————    :

**NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW, Ms. Lopez-Young ("Ms. Lopez"), by and through undersigned counsel, to provide this Court with notice of new authority relevant to the issues presented in the instant case.

After the filing of plaintiff's Reply to Opposition and Response to Defendant's Cross Motion for Summary Judgment, the Court of Appeals for the District of Columbia Circuit issued its opinion in *B.D. v. District of Columbia*. *B.D.,* No. 15-7002 (D.C. Cir. Mar. 22, 2016).

Of particular importance to the decision in the instant case is the emphasis the D.C. Circuit places on the flexibility of hearing officers to craft appropriate awards. The Circuit Court in *B.D.* notes, "[w]hen a hearing officer or district court concludes that a school district has failed to provide a student with a FAPE, it has 'broad discretion to fashion an appropriate remedy,' which can go beyond prospectively providing a FAPE, and can include compensatory education." *Id*. at 9 (quoting *Boose v. District of Columbia*, 786 F.3d 1054, 1056 (D.C. Cir. 2015)). The Court stressed that compensatory eduction awards must rely on assessments and be tailored to undo the harm of the identified denial of FAPE and compensate for the progress a

student would have made with appropriate services. *Id.*

The Circuit Court recognized the inherent difficulty in crafting compensatory education awards that meet the *Reid* standard, and ruled that on remand the District Court must either fashion a compensatory education award, or remand to the hearing officer with instructions to do so. *Id.* at 11-12. To ensure that the *Reid* standard is met, the Court or the hearing officer "should pay close attention to the question of assessment. Assessments sufficient to discern B.D.'s needs and fashion an appropriate compensatory education program may now exist. But it may also well be that further assessments are needed. If so, the district court or Hearing Officer should not hesitate to order them[.]" *Id.* at 13.

Ms. Lopez requests that the Court take notice of the Circuit Court's decision in *B.D.v. District of Columbia*.

Respectfully Submitted,


_____/s/  (electronically signed)_____
Charles Moran [#970871]
Moran & Associates
1220 L Street NW, Suite 700
Washington, D.C. 20005
(202) 742-2022 (voice)
(202) 742-2098 (fax)
*Attorneys for Plaintiff*